IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASUNCION SANCHEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 10-590-SLR |
| | ) |
| PERRY PHELPS, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this \15th day of December, 2010, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner Asuncion Sanchez's ("petitioner") motion to proceed in forma pauperis (D.I. 1) is provisionally **GRANTED** for the purpose of issuing this memorandum order.

IT IS FURTHER ORDERED that petitioner's application for habeas relief (D.I.2) is **DISMISSED** as second or successive, for the reasons that follow:

**1. Background**. Petitioner filed the instant application pursuant to 28 U.S.C. § 2254. (D.I. 2) The application challenges his April 2004 conviction for second degree murder, and asserts three ineffective assistance of counsel claims.

**2. Standard of Review.** Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is

classified as second or successive within the meaning of § 2244 if the prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

    **3. Discussion.** Petitioner has already requested, and has been denied, habeas relief with respect to the same April 2004 conviction on one prior occasion. *See Sanchez v. Phelps,* 621 F. Supp. 2d 183 (D. Del. 2009). The court's denial of petitioner's first application as time-barred constitutes an adjudication on the merits for second or successive purposes. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)(Holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Additionally, the instant application asserts claims that could have been raised in his first application. Therefore, the court concludes that the instant application constitutes a second or successive habeas application for the purposes of 28 U.S.C. § 2244. *See Benchoff*, 404 F.3d at 817-18.

    4. The record reveals that petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. § 2244(b)(1). Accordingly, the court dismisses the instant application for lack of

jurisdiction. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

5. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

_____
UNITED STATES DISTRICT JUDGE