IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ASUNCION SANCHEZ, | ) |
| --- | --- |
| Petitioner, | ) ) ) |
| v. | ) Civ. No. 10-590-SLR ) |
| PERRY PHELPS, Warden, et al., | ) ) ) ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 12th day of August, 2011, having reviewed the above captioned case;

IT IS ORDERED that petitioner Asuncion Sanchez's ("petitioner") motion asking the court to reconsider its refusal to issue a certificate of appealability with respect to its dismissal of his habeas application (D.I. 5) is **DENIED**, for the reasons that follow:

1. **Background**. Petitioner pled guilty to second degree murder on April 19, 2004. Petitioner did not appeal his conviction or sentence. Rather, he filed a motion for post-conviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61 motion") on August 28, 2006. The Superior Court denied the Rule 61 motion on December 4, 2006. *State v. Sanchez*, 2006 WL 3492387 (Del. Super. Dec. 4, 2006). Petitioner appealed, but the Delaware Supreme Court dismissed the appeal as untimely. *Sanchez v. State*, 2007 WL 2792441 (Del. July 24, 2007). Petitioner's first Rule 61 motion did not raise the issue of counsel's failure to file a direct appeal.

2. Petitioner filed his first application for federal habeas relief in this court in May 2008 ("2008 application"). The 2008 application did not raise the issue of counsel's

failure to file a notice of appeal. The court denied the application as time-barred on June 24, 2009. *Sanchez v. Phelps*, Civ. A. No. 08-274-SLR, Mem. Op. & Order (D. Del. June 4, 2009).

3. In January 2010, petitioner filed a second Rule 61 motion in the Delaware Superior Court. (D.I. 2 at 63) This second Rule 61 motion alleged, inter alia, ineffective assistance of counsel due to counsel's failure to file a direct appeal. *Id.* The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *Id.* at 31-2.

4. Petitioner filed a second application for habeas relief in this court in July 2010, this time asserting the issue of counsel's failure to file a direct appeal ("2010 application"). On December 16, 2010, the court denied petitioner's 2010 application as second or successive, and refused to issue a certificate of appealabilty. (D.I. 4)

5. Petitioner filed the instant motion for reconsideration on December 28, 2010 (D.I. 5) alleging that the court erred in not issuing a certificate of appealability because he was denied his constitutional right to a direct appeal due to counsel's failure to file a notice of appeal. Petitioner does not identify the authority under which he is seeking reconsideration.

6. **Standard of Review.** A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, grounds for a Rule 60(b) motion include "mistake,

inadvertence, surprise, or excusable neglect," or "any other reason justifying relief." Fed. R. Civ. P. 60(b)(1), (6). In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

7. "A postjudgment motion requesting alteration or amendment of the judgment but denominated as something other than a motion under Rule 59 is generally treated as having been made under Rule 59(e) . . . if the motion was filed within the [time] period allowed for a Rule 59(e) motion." *U.S. ex rel McAllen v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001). A Rule 59(e) motion must be filed no later than twenty-eight (28) days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

8. **Discussion**. Applying the aforementioned principles, the court concludes that petitioner has presented a timely Rule 59(e) motion. Nevertheless, the motion fails to warrant reconsideration of the court's refusal to issue a certificate of appealability with respect to its dismissal of petitioner's 2010 application as second or successive. When, as here, a "district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Simply stated, petitioner's allegation of ineffective assistance fails to demonstrate that "jurists of reason" would debate or question the court's conclusion that the 2010 application was second or successive. For instance, the denial of the 2008 application as time-barred constituted an adjudication on the merits. In turn, petitioner does not allege, and nothing in the record suggests, that the instant argument regarding counsel's failure to file a direct appeal was either unknown or unavailable to petitioner when he filed his first application for habeas relief in May 2008. Therefore, as set forth in the court's memorandum order dated December 16, 2010, the 2010 application constitutes a second or successive application for § 2244 purposes. Accordingly, the instant motion fails to warrant reconsideration of the court's refusal to issue a certificate of appealability.

9. To the extent one may be necessary, the court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

UNITED STATES DISTRICT JUDGE